# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

November 29, 2021

Joel Friedlander, Esquire
Jeffrey M. Gorris, Esquire
Christopher M. Foulds, Esquire
Friedlander & Gorris, P.A.
1201 North Market Street, Suite 220
Wilmington, DE 19801

Gregory V. Varallo, Esquire
Bernstein Litowitz Berger & Grossmann LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801

Lisa A. Schmidt, Esquire
Robert L. Burns, Esquire
Matthew D. Perri, Esquire
John M. O'Toole, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Ryan D. Stottmann, Esquire
Alexandra Cumings, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Re: *In re Mindbody, Inc., Stockholder Litigation*,
Cons. C.A. No. 2019-0442-KSJM

Dear Counsel:

This letter resolves the motion to dismiss filed by Defendants Vista Equity Partners

Management, LLC, Torreys Parent, LLC, and Torreys Merger Sub, Inc. (collectively,

"Vista").[1]

Vista has moved to dismiss the plaintiffs' claim that Vista aided and abetted in the

breaches of fiduciary duties committed by the other defendants pursuant to Court of

___

[1] *See* Cons. C.A. No. 2019-0442-KSJM, Docket ("Dkt.") 336 (second amended complaint, "Sec. Am. Compl."), 343 (opening brief), 363 (answering brief), 386 (reply brief). Defined terms used herein have the same meaning ascribed to them in the court's October 2, 2020 Memorandum Opinion denying the defendants' motion to dismiss (the "October 2 Opinion" cited as "Oct. 2 Op."). Dkt. 216.

Chancery Rule 12(b)(6). "[T]he governing pleading standard in Delaware to survive a motion to dismiss is reasonable 'conceivability.'"[2] When considering such a motion, the court must "accept all well-pleaded factual allegations in the [c]omplaint as true . . . , draw all reasonable inferences in favor of the plaintiff, and deny the motion unless the plaintiff could not recover under any reasonably conceivable set of circumstances susceptible of proof."[3] The court, however, need not "accept conclusory allegations unsupported by specific facts or . . . draw unreasonable inferences in favor of the non-moving party."[4]

To state a claim for aiding and abetting, the plaintiffs must allege that Vista knowingly participated in a breach of fiduciary duty.[5] The plaintiffs predicate their claim against Vista on two categories of disclosure violations. The first is the failure to include sufficient detail in the Proxy and Supplemental Proxy regarding Stollmeyer's early interactions with Vista. The second is the failure to disclose Mindbody's preliminary revenue results for Q4 2018 in advance of its earnings announcement while also noting the 68% premium deal. I previously found that the plaintiffs stated a claim for breach of

---

[2] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 537 (Del. 2011).

[3] *Id.* at 536 (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).

[4] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) (citing *Clinton v. Enter. Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009)), *overruled on other grounds by Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1277 (Del. 2018).

[5] *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 72 (Del. 1995) ("A claim for aiding and abetting requires the following three elements: (1) the existence of a fiduciary relationship, (2) a breach of the fiduciary's duty, and (3) a knowing participation in that breach by [the non-fiduciary].base"); *In re Rural Metro Corp. S'holders Litig.*, 88 A.3d 54, 97 (Del. Ch. 2014), *aff'd RBC Cap. Mkts., LLC v. Jervis*, 129 A.3d 816 (Del. 2015).

fiduciary duty as to each category of disclosure violations.[6] The question dispositive to the present motion is whether the plaintiffs have adequately alleged that Vista knowingly participated in those violations. The plaintiffs have met their pleading burden.

As to the first category of disclosure violations, *In re Columbia Pipeline Group, Inc.* is instructive.[7] There, the proxy failed to disclose material information about a meeting between the buyer and the seller's CFO that occurred in violation of a standstill provision. The merger agreement gave the buyer "the right to participate in drafting the [p]roxy and review its contents," and obligated the buyer to provide "any information it possessed that was required to be disclosed."[8] The court concluded that the buyer reviewed the proxy, knew that it did not disclose the meetings between the buyer and the personnel, and thus knowingly participated in the fiduciary breach.[9]

Similarly, here, the merger agreement contractually entitles Vista to review the proxy and requires Vista to inform Mindbody of any deficiencies with the proxy.[10] Vista knew that the proxy did not disclose information about Vista's own dealings with Stollmeyer, dealings which I previously found support the plaintiffs' claim for breach of

---

[6] *See* Oct. 2 Op. at 66–79.

[7] 2021 WL 772562 (Del. Ch. Mar. 1, 2021).

[8] *Id.* at *10.

[9] *Id.* at *58–59.

[10] Sec. Am. Compl. ¶¶ 205–206.

the duty of disclosure. The plaintiffs thus adequately alleged that Vista knowingly participated in the disclosure violation related to Stollmeyer's early interactions with Vista.

Although there is no contractual hook implicating Vista's involvement in the second category of disclosure violations, the plaintiffs adequately alleged knowing participation as to that category as well. In fact, the reasonable inference from the facts alleged is that Mindbody declined to disclose the Q4 2018 preliminary revenue results at Vista's request. Mindbody's attorneys had drafted a press release announcing the Q4 2018 results and emailed that press release to Vista asking for "thoughts" and whether "Vista has different views on this approach."[11] Vista raised "concerns" internally, then relayed them to Mindbody, which decided not to disclose the results.[12] These allegations support a claim that Vista knowingly participated in the disclosure violation related to withholding the Q4 2018 results.

For these reasons, Vista's motion to dismiss is DENIED. IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:  All counsel of record (by *File & ServeXpress*)

---

[11] *Id.* ¶¶ 194, 197.

[12] *Id.* ¶¶ 196–97, 200–01.